## Automobile Finance Co., Appellant, *v.* Sloan and Shaw.

*Lease—Replevin—Time for payment of rentals—Extension by agreement—Payment of interest—Question for jury.*

Where the lessee of an automobile was given the option of paying rentals, either in advance or in biweekly payments, and then pays one-half of the entire rental in advance, with interest upon the balance for the term of the lease, the question is properly for the jury as to whether or not the parties did not, by the payment and acceptance of such interest, extend the time for payment of rentals to the period for which interest was paid, there being no other explanation of such payment.

In an action of replevin under such lease, instructions to the jury, to the effect that if they found that the interest payment was made, and that it purchased a credit of six months, then the writ was issued before the defendant was in default and the verdict should be in her favor, are without error.

Argued November 21, 1921.  Appeal, No. 30, Oct. T., 1921, by plaintiff, from judgment of C. P. Delaware County, Sept. T., 1918, No. 311, on verdict for defendant, in the case of Automobile Finance Company v. Catherine Sloan and George F. Shaw.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Affirmed.

Replevin to recover possession of automobile.  Before BROOMALL, J.

The facts are stated in the following opinion, filed in the court below:

The defendant entered into negotiations with the Roman Automobile Company for the purchase of an automobile.  They agreed upon a price of seven hundred

dollars, and the defendant paid three hundred and fifty dollars on account. At this point the defendant was interested to obtain possession of the automobile and the Roman Automobile Company was interested to obtain the remainder of the purchase money. To supply these desires, they had recourse to the plaintiff, when a bailment contract or lease, in writing, was executed by the plaintiff and defendant. This contract or lease invested the plaintiff with the quality or capacity of lessor and the defendant as lessee. Thereupon the defendant obtained the possession of the automobile and no doubt the Roman Automobile Company received the purchase money from the plaintiff.

This lease is the law of the parties. It lets the car to the defendant for a term of six months for a rental of $700, either in advance, or at the option of the lessee in installment, of $350 at the date of the lease, July 23, 1918, and thirty dollars, every alternate Monday thereafter, beginning July 29, 1918.

When all the rent should be paid, the defendant was to become the owner by the payment of a nominal sum of one dollar. There is a stipulation in the lease, giving to the lessor the right to determine the lease for nonpayment of rent, and the right to take immediate possession of the car. The defendant made the cash payment of $350, and made three biweekly payments of $30 each, and ceased to make any further payments, and the plaintiff issued this writ of replevin on November 13, 1918.

The difficulty in the case was presented by proof introduced by the defendant to the effect, that after the execution of the lease the plaintiff demanded and she paid $10.50 for interest. There were no other money relations between the parties than the rent under the lease, amounting to $350. The contractual term in the lease is six months. The amount $10.50 is just the lawful interest on $350 for six months. The plaintiff gave no explanation of the reason for this payment. The de-

fendant evidently confided the details of the business to the plaintiff. True, by a clause in the lease the defendant agreed to give collateral notes, for the installments of rent, which were to bear interest at six per cent per annum until paid, but this interest was not to be paid in advance.

And true it is that the defendant made the first three payments, as they became due, but these payments may have been made voluntarily, before they were legally due, or they may have been made by the defendant in ignorance of her rights.

The jury were instructed that if they found this interest payment was made, and that it purchased a credit of six months, then the writ was issued, before the defendant was in default and the verdict should be for the defendant. The verdict was in favor of the defendant.

The plaintiff has no cause of complaint against the jury finding a less value of the car than the valuation put on it by the plaintiff.

We see no error in the trial of the case.

Therefore plaintiff's motions for judgment non obstante veredicto and for a new trial are dismissed.

The jury found a verdict in favor of the defendants in the sum of $300, and judgment was entered on the verdict. Plaintiff appealed.

*Errors assigned* were the charge of the court, and refusal of plaintiff's motion for judgment non obstante veredicto.

*George J. Edwards, Jr.,* and *W. Roger Fronefield,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY PORTER, J., March 3, 1922:

The opinion filed by the learned judge of the court below, in disposing of plaintiff's motions for judgment

non obstante veredicto and for a new trial, (which will appear in the report of this case) so fully covers the questions presented by this record that further discussion of them is unnecessary. It was entirely competent for the parties, after the execution of the lease, and while the covenants thereof were executory, to extend the time for payments of the rentals. Whether they had done so was by the learned judge who tried the cause submitted to the jury, with instructions of which the appellant has no just grounds for complaint. The specifications of error are overruled.

The judgment is affirmed.